UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN JIMENEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JIM MACDONALD, Warden,[1]<br><br>　　　　　Respondent. | Case No. 14-cv-00246-YGR  (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner proceeding *pro se*, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as successive under 28 U.S.C. § 2244(b). Dkt. 9. Petitioner opposes the motion to dismiss, and Respondent has filed a reply to the opposition. For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

**BACKGROUND**

In 1992, Petitioner was sentenced to forty-eight years in state prison, following his conviction of five counts of lewd and lascivious acts on a child under the age of fourteen and four counts of child molestation by means of force or violence.

On November 24, 1993, the California Court of Appeal affirmed the judgment. Resp't Ex. 1. No petition for review was filed in the California Supreme Court. *Id.*

On July 6, 1995, Petitioner filed his first federal habeas petition. *See* Case No. C 95-02431 CAL. On September 6, 1995, the Court dismissed the petition without prejudice for failure to exhaust state remedies. Resp't Ex. 2.

On April 23, 1997, Petitioner filed his second federal habeas petition. *See* Case No. C 97-01450 CAL. Resp't Ex. 3.

On March 4, 1998, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on September 30, 1998, with citations to *Ex parte Dixon*, 41 Cal. 2d 756, 759

---

[1] Jim MacDonald, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

(1953); *In re Waltreus*, 62 Cal. 2d 218, 225 (1965); and *Ex parte Swain*, 34 Cal. 2d 300, 304 (1949). Resp't Exs. 4, 5.

On February 1, 1999, the Court dismissed Petitioner's second federal habeas petition with prejudice, finding that it was wholly unexhausted at the time it was filed, and that any later federal petition that might be filed after exhaustion would be untimely under 28 U.S.C. § 2244(d) – the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Resp't Ex. 3. Thereafter, Petitioner appealed the dismissal with prejudice of his second federal habeas petition.

On December 28, 2001, the Ninth Circuit Court of Appeals issued a published opinion affirming this Court's order. *See Jiminez[2] v. Rice*, 276 F.3d 478 (9th Cir. 2001); Resp't Exs. 6, 7.

On August 27, 2002, the Ninth Circuit denied the petition for rehearing en banc. Resp't Ex. 7.

On September 4, 2002, the Ninth Circuit issued its mandate. *Id.*

On December 24, 2002, Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on March 31, 2003. Resp't Ex. 8.

Petitioner states that he filed a state habeas petition in the San Mateo County Superior Court that was denied on October 7, 2013. Dkt. 1 at 4. He neither indicates when that petition was filed nor attaches a file-stamped copy, but under California law the state superior court was required to rule on the petition within sixty days of its filing date. *See* Cal. Rules of Court, rule 4.551(a)(3)(A). Accordingly, the earliest date the petition could have been filed is August 6, 2013.

On November 25, 2013, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on December 2, 2013. Resp't Ex. 9.

On December 26, 2013, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on March 12, 2014. Resp't Ex. 10.

On January 15, 2014, Petitioner filed the instant petition -- his *third* federal habeas petition. Dkt. 1.

---

[2] Petitioner's last name was incorrectly spelled as "Jiminez" in the Ninth Circuit proceedings – the correct spelling is "Jimenez." Dkt. 1 at 1.

**DISCUSSION**

A claim presented in a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be dismissed if presented in a prior petition. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Section 2244(b) applies when a court has disposed of a previous petition *on the merits*. *See* 28 U.S.C. § 2244(b)(1) (emphasis supplied). The fact that a dismissal is based upon the statute of limitations does not change the result. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005). As a consequence, a petitioner must obtain an order from the court of appeals which authorizes the district court to consider any second or successive petition before that petitioner can file such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such an order, a district court must dismiss the successive petition, including any new claims raised in that petition. *See id.* § 2244(b)(2).

Here, Respondent contends that the instant petition is successive because Petitioner has filed prior federal habeas petitions, which challenged the same underlying state conviction. Dkt. 9 at 4. In his second federal habeas action, Case No. C 97-01450 CAL, former Judge Charles A. Legge granted Respondent's motion to dismiss and dismissed the petition *with prejudice* because it contained only claims that were unexhausted "[a]t the time the petition was filed," and that "any later petition which might be filed now that [Petitioner] has apparently exhausted his state claims would be time-barred by the AEDPA." *Jiminez*, 276 F.3d at 481. Respondent contends this Court has no jurisdiction to consider the instant renewed application for relief because Petitioner has made no showing that he obtained an order from the Ninth Circuit allowing him to file a successive petition. Thus, Respondent asserts the petition must be dismissed as successive under 28 U.S.C. § 2244(b).

In his opposition, Petitioner does not deny that he filed previous federal habeas petitions as shown by Respondent. Petitioner concedes that his second federal habeas petition was dismissed; however, he focuses on the fact that the dismissal was based on his failure to exhaust state remedies as opposed to the fact that the dismissal was *with prejudice* because any subsequently-filed petition would be untimely under 28 U.S.C. § 2244(d). Specifically, Petitioner argues that

3

his second federal petition was dismissed for failure to exhaust state remedies, which does not preclude a subsequent filing under *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Dkt. 17 at 3. In *Martinez-Villareal*, the United States Supreme Court held that section 2244 does not apply where the previously-filed petition was dismissed without prejudice for failure to exhaust state remedies. *See* 523 U.S. at 641. However, as explained above, this Court's dismissal of Petitioner's second federal petition was not based only on the fact that it was unexhausted, but also on the fact that any subsequently-filed petition would be untimely, which therefore resulted in a dismissal *with prejudice*. *See Jiminez*, 276 F.3d at 481 (Ninth Circuit expressly upheld this Court's dismissal with prejudice because "any later petition which might be filed . . . would be time-barred by the AEDPA"). As explained above, a dismissal for failure to comply with the statute of limitations constitutes a disposition on the merits for purposes of 28 U.S.C. § 2244(b). *See McNabb*, 576 F.3d at 1029. Therefore, the instant petition should be classified as second or successive and requires authorization from the Ninth Circuit, which Petitioner failed to obtain. For this reason, this Court would have no jurisdiction over the petition.

Moreover, the Court finds unavailing Petitioner's remaining arguments in opposition to Respondent's motion to dismiss the instant petition as successive. Specifically, the majority of his remaining arguments relate to (1) the timeliness of his petition and (2) his claim of actual innocence. Dkt. 17 at 2-4.

First, Petitioner complains that "it was his attorney Peter F. Goldscheider's malfeasance that destroyed Petitioner's chance to get a meaningful appeal . . . [and that] this attorney failed to exhaust Petitioner[']s state remedies before attempting to proceed into federal court with the claims." Dkt. 17 at 3. In essence, Petitioner claims that he is entitled to equitable tolling because "'extraordinary circumstances' prevented [the] timely filing of his petition." *Id.* at 6. Petitioner's arguments challenging the dismissal of his second federal petition as untimely under 28 U.S.C. § 2244(d) are not relevant to the analysis here. As mentioned above, Respondent moves to dismiss the present petition as *successive* under 28 U.S.C. § 2244(b). And as the Court has already explained above, the Ninth Circuit has held that a dismissal based upon the statute of limitations constitutes a disposition on the merits for the purposes of section 2244(d). *See*

4

*McNabb*, 576 F.3d at 1029.  In addition, while AEDPA, which was signed into law on April 24, 1996, significantly changes many of the prior habeas corpus rules, including those pertaining to second or successive petitions under 28 U.S.C. § 2244(b), the Ninth Circuit has found that section 2244 applies to second or successive petitions pending in the district court after the Act was signed into law.  *See Williams v. Calderon*, 83 F.3d 281, 285-86 (9th Cir. 1996).  Here, the instant successive petition was filed after AEDPA was enacted.[3]  *See id*.  It is undisputed that Petitioner's second federal habeas petition in Case No. C 97-01450 CAL was dismissed with prejudice as untimely.  Consequently, as the Court has already determined above, the instant petition should be classified as a successive petition.

Second, Petition claims in a conclusory fashion that he is entitled to federal review of his habeas petition because "no reasonable factfinder would have found [him] guilty of the underlying offense." Dkt. 17 at 3.  However, his claim of actual innocence is wholly unsupported.  A showing of actual innocence can provide a gateway to federal habeas review of a petition filed after AEDPA's statute of limitation expired, as well as to successive, abusive and procedurally defaulted claims.  *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc).  The actual innocence standard was "applied in *Schlup v. Delo*, 513 U.S. 298 (1995), and further explained in *House v. Bell*, 547 U.S. 518 (2006)." *McQuiggin*, 133 S. Ct. at 1928.  It requires a petitioner to "produce sufficient proof of his actual innocence." *Lee*, 653 F.3d at 937.  A petitioner must support his claim of actual innocence "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.  He must "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.  However, here, Petitioner does not address the facts surrounding his offenses – child molestation and the commission of lewd and lascivious acts on a child under the age of fourteen – so as to even suggest that he is actually

---

[3] Petitioner argues that the "AEDPA rules were not in effect when [his] 1993 conviction became final"; however, his argument is unavailing because what matters is when his federal petition was filed.  *See Williams*, 83 F.3d at 285-86.  Here, the instant petition was filed in 2014, which was *after* AEDPA's 1996 enactment.  Dkt. 1.

innocent of any of his offenses. Petitioner's innocence claim instead appears to be based on an allegation of legal error or legal innocence – specifically, ineffective assistance of counsel – and it is well established that legal error or legal innocence is not the same as actual innocence. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (noting that "miscarriage of justice exception is concerned with actual as compare to legal innocence") (citations and internal quotation marks omitted); *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012) (distinguishing actual innocence from legal insufficiency). In order to pass through the gateway to federal habeas review of his untimely and successive petition, Petitioner must present new evidence showing "a colorable claim of actual innocence, that [he] 'is innocent of the charge for which he is incarcerated,' as opposed to legal innocence as a result of legal error." *Gandarella v. Johnson*, 286 F.3d 1080, 1085 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. Thus, it suffices to say here that Petitioner is not entitled to federal habeas review of his untimely and successive petition based on his claim of actual innocence because he has not presented "evidence of innocence so strong" that a court cannot have confidence in the outcome of the state criminal proceedings. *Schlup*, 513 U.S. at 316.

In sum, the Court finds that Petitioner's third federal petition should be classified as a successive petition, and that his arguments in opposition to Respondent's motion to dismiss are unavailing. Because it is a successive petition, an authorization order from the court of appeals is necessary before this Court may consider the instant successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not presented an order from the Ninth Circuit authorizing this Court to consider his third federal petition. *See id.* Accordingly, this Court GRANTS Respondent's motion to dismiss (dkt. 9) and DISMISSES the instant petition in its entirety under section 2244(b).

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as successive (Dkt. 9) is GRANTED. The instant petition is DISMISSED as a successive petition pursuant to 28 U.S.C. § 2244(b).

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules

6

Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition).  Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of the Court shall enter judgment, terminate any pending matters, and close the file.

This Order terminates Docket No. 9.

IT IS SO ORDERED.

Dated:  January 21, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge